UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



February 22, 2024

LETTER TO COUNSEL

RE:   *Pamela F. v. O'Malley, Commissioner of Social Security*[1]
      Civil No. GLS-23-0039

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Pamela F. and the Social Security Administration. (ECF Nos. 11, 15).[2] Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2023).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.   BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on January 24, 2018. (Tr. 207). In the application, the Plaintiff alleges that disability began on October 10, 2014. (*Id.*). The claim was initially denied on August 3, 2018, and upon

---

[1] On January 24, 2018, Plaintiff Filed her case against Kilolo Kijakazi, the then-Acting Commissioner of Social Security. (ECF No. 18). On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner O'Malley has been substituted as the Defendant in this case.

[2] On June 20, 2023, the Plaintiff filed her "Plaintiff Brief in Support of Reversal or Remand of the Defendant's Final Administrative Decision." (ECF No. 11). On September 14, 2023, the Defendant filed its "Commissioner's Brief." (ECF No. 15). For the purposes of this Letter Opinion and the accompanying Order, the Court shall construe both filings as motions for summary judgment, respectively.

*Pamela F. v. O'Malley, Commissioner of Social Security*
Civil No. GLS-23-0039
February 22, 2024
Page 2

reconsideration, denied again on January 3, 2019. On January 18, 2019, Plaintiff filed a written request for a hearing, which was granted. A video hearing was conducted on February 13, 2020 by an Administrative Law Judge ("ALJ"). (*Id.*). On September 29, 2020, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2018, the last date insured.[3] (Tr. 211-226).

On January 15, 2021, the Appeals Council granted Plaintiff's request for review of the ALJ's decision dated September 29, 2020. On that date, under authority of 20 C.F.R. § 404.977, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings. (Tr. 232-235).[4]

On April 13, 2022, an ALJ conducted a telephone hearing in this case on remand from the Appeals Council. (Tr. 17). On August 24, 2022, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 19-28). On December 22, 2022, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated August 24, 2022 became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. § 422.210(a).

## II. ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in

---

[3] The Plaintiff filed a prior application for a period of disability and disability insurance benefits, as well as supplemental security income. The Plaintiff's claims were denied on November 29, 2016. The Appeals Council denied the Plaintiff's request for review. As the prior claim was not reopened, the ALJ's decision dated November 29, 2016 became the final decision of the SSA. Therefore, in this instance, the ALJ limited her review and decision to benefits requested from November 30, 2016 to December 31, 2018. (Tr. 208, 209).

[4] The Appeals Council remanded Plaintiff's case back to the ALJ because effective January 2017 new regulations went into effect as to how an ALJ should evaluate a claimant's mental impairments. (Tr. 233).

*Pamela F. v. O'Malley, Commissioner of Social Security*
Civil No. GLS-23-0039
February 22, 2024
Page 3

the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 19-28). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2014, the alleged onset date of Plaintiff's disability, through December 31, 2018. (Tr. 19). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity; bilateral knee osteoarthritis and bilateral chondromalacia patella with status-post bilateral meniscus tears and status-post right knee surgery; asthma; anxiety; major depressive disorder; attention deficit disorder; bipolar disorder; and [post-traumatic stress disorder] PTSD. (Tr. 19, 20). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28. (*Id.*). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 20-22). Taking into account Plaintiff's severe impairments, the ALJ next assessed the Plaintiff's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except occasional bilateral foot control operation; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, and scaffolds; limited to jobs that could be performed while using a cane for ambulation; avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, excessive vibration, hazardous moving machinery, unprotected heights, and pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas; perform simple routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors,

>
> co-workers, and the general public; changes in work duties would have to be introduced gradually.

(Tr. 22-26). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (*Id*. at 26). Before making a finding regarding step five, the ALJ conducted a hearing. (Tr. 73-78). At that hearing, a vocational expert ("VE") testified, relying upon "The Dictionary of Occupational Titles" and his own experience as a vocational rehabilitation counselor. The VE identified the Plaintiff's past relevant work: a Truck Driver, Forklift Operator, and Legal Clerk. (*Id.* at 73, 74). The ALJ asked the VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff, with her RFC, would be able to perform the past relevant work as actually or customarily performed. (Tr. 74, 75). The VE opined that the hypothetical individual would not be able to perform the past work as generally performed and as actually performed. (*Id.* at 75).

The ALJ inquired about the performance of sedentary work. The ALJ asked the VE whether there exists other work that the hypothetical individual would be able to perform at the sedentary level. (Tr. 75). The VE opined that the hypothetical individual could perform other sedentary work existing in the national economy, e.g., as an Addresser, Machine Feeder, and Inspector. (*Id.*).

Next, the Plaintiff's attorney asked the VE about whether the hypothetical individual with the same RFC, but now with an added limitation requiring the individual to sit and stand at 15 minute intervals, would be able to perform the three jobs as previously identified (Addresser, Machine Feeder, and Inspector). (Tr. 76). The VE opined that the hypothetical individual might have difficulty performing the jobs, but that it would depend on how much time they had to stand. (*Id.*). The Plaintiff's attorney added to the hypothetical stating that the individual would need to stand for 15 minutes out of every 30 minutes. (Tr. 77). Taking into consideration the added limitation, the VE opined that the hypothetical individual would not be able to perform the three jobs that were previously identified. (*Id.*).

In addition, the Plaintiff's attorney asked the VE whether the hypothetical individual with the same RFC, but now with an added limitation requiring the individual to sit and stand at 30 minute intervals, and the individual utilizes a cane in their dominant hand in order to stand, would be able to perform the three jobs as previously identified. (Tr. 77). The VE opined that the hypothetical individual, due to either or a combination of the two additional limitations, would not be able to perform the three jobs that were previously identified. (*Id.*).

In regard to the hypothetical individual being off-task, the VE opined that any time off-task at 15% or more in an eight-hour workday would preclude the individual from employment. (Tr. 77, 78). Finally, the Plaintiff's attorney asked the VE about an employer's tolerance for absenteeism. (*Id.* at 78). The VE opined that anything beyond one day-and-a-half per month absence, with certainty at two days per month, would preclude a hypothetical individual from gainful employment. (*Id.*).

At step five, the ALJ ultimately determined that the Plaintiff was not disabled because she could perform work existing in significant numbers in the national economy, e.g., as an Addresser, Machine Feeder, and Inspector, as the jobs were actually and generally performed based on the vocational expert's testimony. (Tr. 26, 27).

## III.  DISCUSSION

In requesting summary judgment, Plaintiff advances several arguments. First, that the ALJ erroneously assessed Plaintiff's RFC by failing to: (a) provide a sufficient narrative explaining how the medical and non-medical evidence in the record supported his findings; (b) perform an RFC assessment of Plaintiff's ability to sit, stand, walk or lift when deciding that Plaintiff could perform sedentary work; and (c) perform a function-by-function assessment of her ability to perform all of the physical tasks required sedentary work; instead, the ALJ fashioned Plaintiff's RFC by evaluating her symptoms. Second, the ALJ mischaracterized the evidence of record. Third, the ALJ failed to properly evaluate a physician's opinion evidence regarding Plaintiff's mental health. (ECF No. 11, "Plaintiff's Motion," pp. 4-18). In response, the SSA contends that substantial evidence exists to support the ALJ's decision that Plaintiff can perform sedentary work despite her limitations. (ECF No. 15, "Defendant's Motion," pp. 5-13).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's arguments regarding how the ALJ erred in not performing a full assessment of all aspects related to Plaintiff's ability to do sedentary work. Accordingly, I find remand appropriate, for the reasons set forth herein.

As a preliminary matter, the SSA has created a system through which it defines the physical exertional requirements for jobs in the national economy. Within this system, there are five categories in which a job may fall: (1) sedentary; (2) light; (3) medium (4) heavy; and (5) very heavy. Sedentary work is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." In addition, this category includes jobs that allow for sitting and only require "occasional" walking and standing. *See* 20 C.F.R. § 404.1567; 20 C.F.R. § 416.967.

A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Pursuant to 20 C.F.R. § 404.1545(a)(1), an ALJ must devise an RFC that captures a claimant's ability to do physical and/or mental work activities for a sustained period of time (i.e., sedentary, light, medium, heavy, or very heavy work), given the claimant's limitations. An ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In addition, the Fourth Circuit requires an ALJ's findings pertaining to a claimant's RFC to be "accompanied by 'a narrative discussion describing' the evidence supporting" each conclusion. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting

*Thomas, supra,* 916 F.3d at 311); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). A proper RFC narrative consists of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Dowling*, 986 F.3d at 388. In the narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted). This involves "citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. 34,478 (July 2, 1996) (internal quotation marks omitted)). An ALJ's logical explanation is just as important as the other two components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020).

Here, the ALJ found at step two of the sequential evaluation process that Plaintiff had several severe impairments. (Tr. 19-20). The ALJ concluded that Plaintiff could perform sedentary work with the following limitations relevant to this analysis: occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, and scaffolds; limited to jobs that could be performed while using a cane for ambulation. . .perform simple routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors. . . . (Tr. 22-23). Thus, the RFC is silent on Plaintiff's ability/inability to sit or lift.

In coming to this conclusion, the ALJ referenced the Plaintiff's testimony, summarized the medical records related to her ability to ambulate with a cane, and mentioned her asthma. (Tr. 23-24, 26). When evaluating the medical opinion evidence that he found most persuasive, the ALJ cited to the state agency consultants' opinion as persuasively concluding that Plaintiff could only perform sedentary work, citing to their familiarity with the disability program. (Tr. 25).

The first error, then, is that sedentary work requires a person to be able to lift no more than ten pounds at a time, and "occasionally lifting or carrying articles like files, ledger or small tools." 20 C.F.R. § 404.1567; 20 C.F.R. § 416.917. However, the RFC is silent on the Plaintiff's ability/inability to perform those functions. Indeed, Plaintiff testified that she could not "lift anything and had difficulties with pushing a cart or grabbing objects." (Tr. 23). The ALJ does not cite to an agency opinion or other medical evidence that addresses Plaintiff's ability to lift. (Tr. 23-26). It is true that the ALJ cites to medical records that reveal Plaintiff has "normal strength and reflexes," and the ALJ finds that Plaintiff is limited to "sedentary lifting." (Tr. 24-25). Yet the ALJ does not explain "sedentary lifting," nor does he build a bridge between the evidence and his conclusion that she can perform lifting of any kind, as required by "sedentary work." *See* 20 C.F.R. § 404.1567; 20 C.F.R. § 416.917. Put another way, there are no specific findings by the ALJ of Plaintiff's ability to lift at all, let alone for a sustained period of time. Thus, I cannot determine whether the ALJ did consider all of Plaintiff's impairments and determine whether they affected her ability to lift, as required by *Thomas*. In the absence of a clear logical narrative, remand is required. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)(remand appropriate if reviewing court cannot evaluate the basis for an ALJ's decision).

Next, sedentary work also includes jobs that allow for sitting and jobs that only occasionally require walking or standing. 20 C.F.R. § 404.1567; 20 C.F.R. § 416.917. Plaintiff testified that she could only walk for a few minutes before needing to sit or rest, and there is evidence in the record that Plaintiff had difficulty sitting. (Tr. 23, 55, 67, 108, 668, 912, 923, 1963). The ALJ does opine that Plaintiff's obesity and knee impairments limit her ability to stand or work for more than 2 hours per workday. (Tr. 23, 26). But, the record is devoid of specific findings related to Plaintiff's ability to sit. The ALJ ultimately held that "limiting the claimant to sedentary work with additional limitation, including the use a cane (sic) for ambulation would overall accommodate the claimant's impairments." (Tr. 24). This conclusory assertion falls short of the explanation necessary to support the ALJ's RFC determination. *See Donell F. v. Kijakazi, Acting Commissioner of Soc. Sec.*, Civ. No. GLS 21-2399, 2023 WL 203351, at *4 (D. Md. Jan. 17, 2023) ("[A]conclusory assertion falls short of a narrative discussion and fails to create an "accurate and logical bridge" between the evidence and the ALJ's RFC determination") (internal citation omitted). Accordingly, remand is required because the "ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record." *Mascio*, 780 F.3d at 636 (citations omitted).

In sum, because the ALJ failed to build an "accurate and logical bridge" between the evidence and his RFC assessment, this Court cannot find that his decision is supported by substantial evidence. On remand, the ALJ should provide a proper function-by-function analysis that builds "an accurate and logical bridge" between the evidence and the Plaintiff's RFC. Because this case is being remanded, I will not address Plaintiff's other arguments. *Nancy G. v. Kijakazi*, Civ. No. GLS 20-3440, 2022 WL 363824, at *5 (D. Md. Feb. 4, 2022).

## IV. CONCLUSION

For the reasons set forth above, both parties' summary judgment motions, (ECF Nos. 11, 15), are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge